1  MELVIN R. GOLDMAN (State Bar No. 34097)
   JORDAN ETH (State Bar No. 121617)
2  DOROTHY L. FERNANDEZ (State Bar No. 184266)
   ERIC M. BROOKS (State Bar No. 209153)
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
5  Telefacsimile:  (415) 268-7522

6  Attorneys for Flextronics International Ltd.,
   Michael E. Marks, Robert R.B. Dykes, Michael
7  McNamara, Thomas J. Smach, Tsui Sung Lam, Michael
   J. Moritz, Richard L. Sharp, Patrick Foley,
8  and Chuen Fah Alain Ahkong

9

   MICHAEL J. SHEPARD (Bar No. 91281)
10 MICHAEL L. CHARLSON (Bar No. 122125)
   Heller Ehrman White & McAuliffe LLP
11 333 Bush Street
   San Francisco, California  94104-2878
12 Telephone: (415) 772-6000
   Facsimile: (415) 772-6268
13
   Attorneys for Banc of America Securities LLC;
14 Goldman, Sachs & Co.; Salomon Smith Barney;
   Thomas Weisel Partners LLC; Bear Stearns & Co.;
15 Deutsche Bank; Lehman Brothers; and FleetBoston
   Financial Corp.

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19

20 IN RE FLEXTRONICS INTERNATIONAL
   LTD. SECURITIES LITIGATION

21                                              CLASS ACTION

22 This Document Relates to:                    No. C-03-2102 PJH

23   ALL ACTIONS                                **CLASS ACTION**

24                                              **DEFENDANTS' JOINT
                                                MEMORANDUM OF POINTS AND
25                                              AUTHORITIES IN SUPPORT OF
                                                FINAL APPROVAL OF SETTLEMENT**

26
                                                Date:  October 27, 2004
27                                              Time:  9:00 a.m.
                                                Ctrm:  3, 17th Floor
28

## INTRODUCTION

Defendants Flextronics International, Ltd. ("Flextronics"), Michael E. Marks, Robert R.B. Dykes, Michael McNamara, Thomas J. Smach, Tsui Sung Lam, Michael J. Moritz, Richard L. Sharp, Patrick Foley, and Chuen Fah Alain Ahkong (collectively the "Flextronics Defendants"), and defendants Banc of America Securities LLC, Goldman Sachs & Co., Salomon Smith Barney, Thomas Weisel Partners LLC, Bear, Stearns & Co. Inc., Deutsche Bank, Lehman Brothers, and FleetBoston Financial Corp. (the "Underwriter Defendants") submit this memorandum in support of final approval of settlement of this action. The Flextronics Defendants and Underwriter Defendants are collectively referred to herein as the "Defendants."

The Court reviewed and preliminarily approved the proposed settlement in this action in July 2004. Since that time, no objections have been served and only a small number of putative class members have requested to be excluded from the settlement class. The Defendants now request the Court grant final approval of the proposed settlement as fair, just, reasonable, and adequate under Federal Rule of Civil Procedure 23(e).

## PROCEDURAL HISTORY[1]

On May 26, 2004, after full briefing by the parties, the Court was scheduled to hear Defendants' motions to dismiss plaintiffs' Consolidated Amended Complaint ("CAC"). The Court had previously dismissed, with leave to amend, plaintiffs' complaints on November 17, 2003. As stated in Defendants' Memorandum of Points and Authorities in Support of Preliminary Approval of Settlement, and reflected in Defendants' motions to dismiss the CAC, Defendants had strong defenses to Plaintiffs' claims and Plaintiffs had significant hurdles to overcome to survive Defendants' motions. Immediately prior to the scheduled hearing on the motions to dismiss the CAC, the parties reached an agreement in principle to settle this action. In light of that agreement to settle, Defendants withdrew their motions to dismiss; and the Court scheduled a hearing for preliminary approval of settlement. The Court heard argument from the parties in support of

---

[1] The procedural history of this action before May 26, 2004 is detailed in Defendants' Memorandum of Points and Authorities in Support of Preliminary Approval of Settlement (filed July 21, 2004) ("Defs. Prelim MPA").

DEFENDANTS' JOINT MPA
IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT         1
CASE NO. C-03-2102 PJH
SF-1793807

1  settlement on July 28, 2004 and the Court then entered an order preliminarily approving the proposed
2  settlement ("Preliminary Order").
3  The Preliminary Order called for notice to be mailed to all identifiable class members by
4  August 25, 2004 and for plaintiffs' co-lead counsel to publish notice in the national edition of *The*
5  *Wall Street Journal* within 10 days of notice being mailed.  (Preliminary Order ¶¶ 7-8.)  The
6  Preliminary Order required that putative class members mail their written objections or requests for
7  exclusions on or before October 5, 2004.  (*Id*. ¶¶ 11-12.)  It also allowed for shareholders to object at
8  the hearing without submitting a written objection.  (*Id*. ¶ 12.)

## THE PROPOSED SETTLEMENT

10 The settlement provides for the Flextronics Defendants to cause their directors' and officers'
11 liability insurers to pay $4.25 million to the class in settlement of the claims against the Defendants.
12 (Stipulation of Settlement ¶ 4.)  In return for the settlement fund, Defendants will receive releases
13 from the settlement class and the other benefits of the Stipulation of Settlement.  (*Id*. ¶¶ 2-3.)  The
14 releases extend to all claims held by the class that are based upon or related to the facts and
15 circumstances underlying the action, including all claims that were brought or that could have been
16 brought by and on behalf of the class in the action.  In addition, plaintiffs shall dismiss this action
17 with prejudice upon final approval of the settlement.
18 Defendants have denied and continue to deny all of the claims and contentions of wrongdoing
19 alleged in the CAC.  Defendants have consistently maintained that they acted in accordance with
20 governing laws and standards at all time, and that Flextronics's public disclosures presented a full
21 and fair description of all material facts.  In entering into the Stipulation of Settlement, Defendants
22 deny wrongdoing of any kind and deny liability.  (*Id.* ¶ D.)

## ARGUMENT

24 To approve a settlement under Federal Rule of Civil Procedure 23(e), the Court must find that
25 it is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(1)(C).  Rule 23 gives the Court authority
26 to make this determination as to all of the parties to the settlement. *Esses v. VeriFone, Inc.*, No. C-
27 93-3640-DLJ, 1994 U.S. Dist. LEXIS 14384, at *2 (N.D. Cal. Sept. 28, 1994).  The Court considers
28 several factors in making this determination. *See Churchill Village, L.L.C. v. Gen. Elec. Co.*, 361

F.3d 566, 575-76 (9th Cir. 2004) (listing factors), *cert. denied sub nom. Beckwith Place Ltd. Psp. v. Gen Elec. Co.*, No. 03-1662, 2004 U.S. LEXIS 5641 (U.S. Oct. 4, 2004).

Pursuant to the Court's standing orders for securities cases, the parties addressed these issues in their respective briefs in support of preliminary approval of settlement. As shown in those briefs, and at the hearing for preliminary approval, the factors to be considered for settlement weigh in favor of approval of the settlement of this action. (*See* Defs. Prelim MPA at 5-7; Plaintiffs' Appl. and Mem. in Support of Prel. Approval of Proposed Settlement at 5-12.) At the time of the preliminary approval hearing, however, the parties could not have known how the putative class might react to the settlement. This final factor also weighs in favor of settlement.

The proposed settlement provided for adequate notice and an opportunity for putative class members to opt-out of the settlement. Pursuant to the Court's Preliminary Order, the Claims Administrator in this action was to have mailed notice of the proposed settlement to all identifiable class members on August 25, 2004. (Preliminary Order ¶ 7.) In addition, notice was to be published in the national edition of the *Wall Street Journal*. (*Id.* ¶ 8.) From the time of notice, class members had six weeks to notify the parties of their objections or request to opt-out. (*Id.* ¶ 11 (requests for exclusion shall be postmarked no later than October 5, 2004); *id.* ¶ 12 (written objections should be served on or before October 5, 2004).)[2] As of the date of the filing of this brief, no one has filed objections to the settlement. (Declaration of Dorothy L. Fernandez in Support of Final Approval of Settlement ¶ 1.) Additionally, out of the thousands of shareholders given notice, only fourteen shareholders have requested to be excluded from the settlement class. (*Id.* Ex. 1.)[3]

Courts have found that the lack of objections to settlement supports the parties' contention that the proposed settlement is fair, adequate, and reasonable. *In re Cylink Sec. Litig.*, 274 F. Supp. 2d 1109, 1111-12 (N.D. Cal. 2003) Additionally, Courts find that a small number of requests for exclusion, representing a small number of shares, reflect a consensus by the settlement class that the

---

[2] Plaintiffs' brief in support of final approval of settlement provides greater detail about the notice and claim process.

[3] Five of those excluding themselves from the class did not indicate the number of shares they had acquired or purchased during the class period. The other nine opt-outs purport to represent 78,867 shares, with 77,433 of those belonging to one individual.

DEFENDANTS' JOINT MPA
IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT           3
CASE NO. C-03-2102 PJH
SF-1793807

settlement is fair, reasonable, and adequate. *In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166, 179-180 (E.D. Pa. 2000).[4]

As the Court has stated, its primary concern at this stage of settlement "is the response of the class to the proposed settlement." (Judge Hamilton's Standing Order for Securities Class Action Settlements at 2.) The lack of any class member objections and the minimal number of requests for exclusion show that the class supports the proposed settlement as fair, reasonable and adequate.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court issue an order approving the settlement.

Dated: October 20, 2004

MELVIN R. GOLDMAN
JORDAN ETH
DOROTHY L. FERNANDEZ
ERIC M. BROOKS
MORRISON & FOERSTER LLP

By: /s/ Dorothy L. Fernandez (e-filing signature)
    Dorothy L. Fernandez

Attorneys for Defendants Flextronics International Ltd., Michael E. Marks, Robert R.B. Dykes, Michael McNamara, Thomas J. Smach, Tsui Sung Lam, Michael J. Moritz, Richard L. Sharp, Patrick Foley, and Chuen Fah Alain Ahkong

MICHAEL J. SHEPARD
MICHAEL L. CHARLSON
HELLER EHRMAN WHITE & McAULIFFE LLP

By: /s/ Michael L. Charlson (e-filing signature)
    Michael L. Charlson

Attorneys for Defendants Banc of America Securities LLC; Goldman, Sachs & Co.; Salomon Smith Barney; Thomas Weisel Partners LLC; Bear Stearns & Co.; Deutsche Bank; Lehman Brothers; and FleetBoston Financial Corp.

---

[4] Plaintiffs allege that approximately 303 million shares may have been damaged during the class period, (Stipulation of Settlement, Exhibit A-1, p. 2), meaning that holders of fewer than 0.03% of the allegedly damaged shares have opted-out. This small number of opt-outs provides further support that the class views the settlement as fair, reasonable and adequate.

DEFENDANTS' JOINT MPA
IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT        4
CASE NO. C-03-2102 PJH
SF-1793807

1   I, Dorothy L. Fernandez, am the ECF User whose ID and password are being used to file Defendants' Joint Memorandum of Points and Authorities in Support of Final Approval of Settlement. In compliance with General Order 45, X.B., I hereby attest that attorneys for Defendants Banc of America Securities LLC, Goldman, Sachs & Co., Salmon Smith Barney, Thomas Weisel Partners LLC, Bear Stearns & Co., Deutsche Bank, Lehman Brothers, and FleetBoston Financial Corp. have concurred in this filing.

Dated: October 20, 2004

MELVIN R. GOLDMAN
JORDAN ETH
DOROTHY L. FERNANDEZ
MORRISON & FOERSTER LLP

By:   /s/ Dorothy L. Fernandez (e-filing signature)
         Dorothy L. Fernandez

Attorneys for Flextronics International Ltd., Michael E. Marks, Robert R.B. Dykes, Michael McNamara, Thomas J. Smach, Tsui Sung Lam, Michael J. Moritz, Richard L. Sharp, Patrick Foley, and Chuen Fah Alain Ahkong